UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:11CV-P78-M

CHRISTOPHER A. NUCHOLS                                                          PETITIONER

v.

PHILIP PARKER, WARDEN                                                           RESPONDENT

<u>**MEMORANDUM AND ORDER**</u>

Petitioner Christopher A. Nuchols[1] filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons set forth below, the Court will direct Nuchols to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations.

**I.**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Although Petitioner identifies himself as "Nuchols" in the § 2254 petition, the attached state-court records spell his last name "Nuckols."

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the present case, the first circumstance applies, and the statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A review of the petition and its attachments reveals that following a jury trial, Nuchols was convicted on or around July 2, 2004, in the Barren Circuit Court on charges of first-degree rape, first-degree sexual abuse, first-degree burglary, first-degree kidnapping, attempted first-degree sodomy, fourth-degree assault, third-degree terroristic threatening, and theft by unlawful taking under $300. He was then sentenced to 20 years in prison for the rape and to varying terms of imprisonment on the remaining charges, all to run concurrently. Nuchols filed an appeal to the Kentucky Supreme Court asking for reversal of his convictions on the underlying charges of first-degree kidnapping, fourth-degree assault, and third-degree terroristic threatening, but he did not challenge any of the remaining convictions or seek a new trial. By Memorandum Opinion

rendered June 15, 2006, the Kentucky Supreme Court reversed Nuchols' conviction for first-degree kidnapping and vacated the trial court's judgment with respect to that charge; the Court affirmed the convictions for fourth-degree assault and third-degree terroristic threatening.  On remand, the Barren Circuit Court entered an amended final judgment on June 21, 2006.

If June 21, 2006 (the date of entry of the amended judgment) is used to calculate the one-year limitations period, then Nuchols' conviction became final on July 21, 2006, at the expiration of the thirty-day period during which he could have filed an appeal of his amended judgment.  *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken."). However, if June 15, 2006 (the date the Kentucky Supreme Court reversed in part and affirmed in part the Barren Circuit Court judgment of conviction) is used, then Nuchols' conviction became final on September 13, 2006, the date on which the 90-day period for seeking certiorari review from the U.S. Supreme Court expired.  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari.") (quoting Sup. Ct. R. 13).  For the purposes of preliminary review, the Court will use the accrual date that is more beneficial to Nuchols (in this case, September 13, 2006) and concludes that the one-year limitations period expired on September 13, 2007.

During the one-year limitations period, Nuchols filed a Ky. R. Crim. P. (RCr) 11.42 motion in the Barren Circuit Court on January 18, 2007.  This properly filed state-court collateral motion tolled the running of the limitations period.  *See* 28 U.S.C. § 2244(d)(2).  The circuit court denied the motion on October 23, 2008, and the Kentucky Court of Appeals affirmed the circuit court's decision on April 2, 2010.

3

One-hundred-and-twenty-seven days ran from September 13, 2006, the beginning of the one-year period, until January 18, 2007, the filing of Nuchols' RCr 11.42 motion. The one-year limitations period was tolled until April 2, 2010, when the Kentucky Court of Appeals rendered its decision. Two-hundred-and-thirty-eight days of the one-year period remained in which Nuchols could timely file his § 2254 petition. The one-year period, thus, expired on November 29, 2010.[2] Because Nuchols did not file his § 2254 habeas petition until several months later on April 1, 2011,[3] it is untimely. His later filing of a second RCr 11.42 along with a Ky. R. Civ. P. 60.02 motion in March 2011, did not restart the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

In addition to the petition being time-barred under the statute, Nuchols does not allege any circumstances appropriate for applying the doctrine of equitable tolling. *Holland v. Florida*, -- U.S. --, 130 S. Ct. 2549, 2560 (2010) (holding that the AEDPA statute of limitations in "§ 2244(d) is subject to equitable tolling in appropriate cases").

Before dismissing the action on statute-of-limitations grounds, the Court will provide Nuchols with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

---

[2] Because the 238th day actually fell on Friday, November 26, 2010, a date on which the Court was closed, the limitations period did not expire until the following Monday, November 29, 2010.

[3] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Nuchols declares under penalty of perjury that his § 2254 petition was placed in the prison mail system on April 1, 2011.

**II.**

**IT IS THEREFORE ORDERED** that within **thirty (30) days** from entry of this Order, Nuchols must show cause why the § 2254 petition for writ of habeas corpus should not be denied and the action dismissed as barred by the applicable one-year statute of limitations.

**Nuchols is WARNED that his failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date:

cc:    Petitioner *pro se*
4414.005